In an opinion reported ante at 791, the court remanded this case to the Defense Supply Agency with directions to hear and determine plaintiff’s claimed priority rights to employment in that agency following a reduction-in-force. On January 31, 1975 the court entered the following order in response to defendant’s motion for rehearing to amend judgment :
Before Cowen, Chief Judge, Skelton and Kashiwa, Judges.
“This case comes before the court on Defendant’s Motion For Behearing To Amend Judgment. Upon consideration thereof, the court rejects defendant’s contention that the court has no authority to remand a case for further administrative proceedings until a money judgment has been rendered in the case. The second sentence of Pub. L. 92-415 and the legislative history of that Act show that Congress intended to authorize the court to remand cases to agencies, prior to the entry of a money judgment, when the case is within the court’s jurisdiction. Since the enactment of Pub. L. 92-415, it has been the accepted procedure in the court, frequently on motion of Department of Justice attorneys, to remand cases before any money judgment is rendered, and there have been remands in cases in which no money judgment was ultimately rendered. Plaintiff’s petition in this case states a claim within the jurisdiction of the court, and Pub. L. 92-415 authorizes the court to remand such cases *885 in order that the claimant may exhaust his administrative remedies.
“The court also rejects the defendant’s contention that the decision inferentially holds that plaintiff has a vested right to a position with the Defense Supply Agency; the court did not and could not make such a determination in view of the incomplete record before it at the time of its decision.
“However, defendant has submitted with its motion for rehearing copies of the regulations governing the DOD Priority Placement Program and asserts that these regulations, plus certain provisions of the Federal Personnel Manual,, gave the agency the discretionary right to select Mr. Raymond A. Johnson, rather than plaintiff, for the vacant position. In view of this development,
“it is ordered that plaintiff shall file a response to defendant’s motion within twenty-one (21) days from this date and shall state therein whether plaintiff agrees, under the applicable regulations, the Defense Supply Agency had the discretion to select Mr. Johnson over Mr. Fredrick for the vacant position;
“it is further ordered that within twenty-one (21) days from this date defendant shall file a certified copy of the DOD Priority Placement Program Regulations, together with a complete copy of the letter of August 1, 1972, addressed to Mr. Charles K. Tinkler, Appeals Examiner of the U.S. Civil Service Commission; and
“it is further ordered that pending compliance with this order and the court’s action on defendant’s motion for rehearing, the order remanding this case to the Defense Supply Agency and the direction to plaintiff to file his appeal with that agency shall be held in abeyance.”